FILED
CHARLOTTE, NC
MAR 0 5 2010
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:10cv85

| | |
|---|---|
| In re the Application of<br>DENNIS VALENTIN LUMME<br>Petitioner for<br>F.U.L.   DOB: 08/06<br><br>vs.<br><br>ANA LUCIA LUMME<br>(a/k/a ANA LUCIA MINO LARA),<br>JULIA MAGDALENA LARA<br>SALOMON,<br>AND JOSEPH OLIVERI<br>          Respondents | CONSENT ORDER FOR RETURN<br>OF MINOR CHILD |

On March 5, 2010 at 10:30 a.m., Petitioner's Emergency Expedited Petition for Return of Wrongfully Removed Child, filed March 2, 2010, was scheduled to come on for hearing before the Honorable Richard L. Voorhees. Prior to the hearing, counsel for Petitioner, Irene P. King of the law firm, James, McElroy & Diehl, P.A., Respondent Lumme, *pro se*, Respondent Salomon, *pro se*, and Respondent Oliveri, *pro se*, advised the Court that the parties had reached an agreement with respect to the return of the minor child to his habitual residence in Germany

The parties stipulate and agree that this Order is entered into freely and voluntarily; its terms are supported by the record, and the interests of justice and the parties will be served by the Court's signing and entering this decree. The parties have waived the necessity of the Court making additional findings of fact and/or conclusions of law in support of the Order, except as set forth below.

Although entered by consent, the parties recognize that this decree constitutes a ruling by the Court, as though entered following a trial on the merits, and is subject to being enforced by the contempt powers of the Court.

### FINDINGS OF FACT

1. Petitioner, Dennis Valentin Lumme (hereinafter referred to as "Father" and/or "Petitioner") and Respondent Ana Lucia Lumme (hereinafter referred to as "Mother" and/or "Respondent Lumme") are the natural parents of the minor child, F.U.L., born August, 2006.

2. Germany is the minor child's habitual residence.

3. Father and Mother were married on July 4, 2003 in Berlin, Germany and are divorced.

4. Respondent Julia Magdalena Lara Salomón (hereinafter "Respondent Salomón") the maternal grandmother of the minor child and Respondent Joseph Oliveri (hereinafter "Respondent Oliveri") is the maternal grandmother's boyfriend.

5. On December 4, 2009, Mother and the minor child traveled from Berlin to the United States without informing Father or obtaining Father's consent before leaving. Mother's removal of the minor child from his habitual residence and retention in the United States was wrongful within the meaning of the Hague Convention.

6. Mother and child have not returned to Germany since December 4, 2009 and Father has had no contact with Respondents or the child since prior to their departure on December 4, 2009.

7. When Mother departed from Germany, Father and Mother were in the midst of custody proceedings in Germany in the Local Court of Tempelhof-Kreuzberg Division of Family Matters.

8. Pursuant to the Order of Local Court of Tempelhof-Kreuzberg, entered December 11, 2009, Mother was prohibited from removing the minor child from the borders of the Federal Republic of Germany. The December 11, 2009 Order of Local Court of Tempelhof-Kreuzberg further provides that "[t]here is a danger that the mother intends to abscond with the child to the USA to her mother or to Ecuador and to deprive the father of his child. This represents a substantial threat to the child's welfare."

9. On February 11, 2010, the Local Court of Tempelhof-Kreuzberg entered a temporary Order awarding sole custody to Father.

10. Father has a right of custody of the child within the meaning of Articles Three (3) and Five (5) of the Hague Convention.

11. At the time of the wrongful removal and retention, Father was actually exercising rights of custody within the meaning of Articles Three (3) and Five (5) of the Hague Convention, which rights of custody Respondent Lumme breached.

12. The minor child F.U.L. was habitually residing in Germany within the meaning of Articles Three (3) and Five (5) of the Convention immediately before the wrongful removal and retention of the minor child in the State of North Carolina.

13. On March 2, 2010, Father filed an Emergency Expedited Petition for Return of Wrongfully Removed Child to Petition and an Emergency, Ex Parte Motion for Pick Up Order and Surrender of Passports and Travel Documents.

14. On March 3, 2010, the Court entered an Ex Parte Order and Warrant for Pick Up of Minor Child. The findings of fact, conclusions of law and order are incorporated herein by reference as if fully set forth herein.

15. Respondents stipulate and agree that they shall cooperate with and facilitate the return of F.U.L. with Petitioner to his habitual residence in Germany.

16. Petitioner has incurred substantial attorneys' fees, court costs, travel expenses and costs of the services of the Unites States Marshal Service in this action.

17. Respondents are jointly and severally liable for, and stipulate and agree to pay all costs associated with the services of the United States Marshals Service in this case in full directly to the United States Marshal Service upon demand and pursuant to the terms of the United States Marshal Service.

18. Additionally, Respondents are jointly and severally liable for, and stipulate and agree to pay the $350.00 filing fee and the $500.00 initial deposit Petitioner made to the United States Marshals Service and shall pay, contemporaneously with the entry of this Order on March 5, 2010, the sum of $850.00 directly to Petitioner via his attorney, Irene P. King, James, McElroy & Diehl, P.A. 600 S. College Street, Charlotte, NC 28202.

19. To the extent that potentially there are any criminal charges pending against Respondent Lumme in Germany or elsewhere, Petitioner agrees to use his best efforts to seek dismissal of any such charges.

20. The parties stipulate and agreed that no further findings of fact shall be required for this Order to be fully enforceable.

Based on the foregoing Findings of Fact, the Court draws the following:

## CONCLUSIONS OF LAW

1. This action is pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (hereinafter the "Convention"), and the International Child Abduction Remedies Act (hereinafter "ICARA").

2. This Court has jurisdiction pursuant to 42 U.S.C. § 11603, 28 U.S.C. 1331 and because this case involves the wrongful removal and wrongful retention of a child under the age of sixteen (16) from his habitual residence of Germany to this jurisdiction.

3. Respondent Lumme wrongfully removed the minor child, F.U.L. from his habitual residence in Germany and has retained him in the United States.

4. Prior to Respondent Lumme's wrongful removal and retention of the minor child in the United States, Petitioner exercised custodial rights to the minor child, which Respondent Lumme breached.

5. The minor child, F.U.L. should be returned forthwith with Petitioner to his habitual residence in Germany without interference of Respondents.

3

6. It is appropriate for Respondents to be jointly and severally liable for payment of all costs associated with the services of the United States Marshals Service in this case in full directly to the United States Marshals Service upon demand and pursuant to the terms of the United States Marshal Service, and for Respondents to pay the $350.00 filing fee of the Court and the $500.00 initial deposit Petitioner made to the United States Marshal Service.

7. This Order is entered with the consent of the parties.

8. The parties have stipulated and agreed that no further conclusions of law shall be required for this Order to be fully enforceable.

Based on the foregoing Findings of Fact and Conclusions of law, it is hereby **STIPULATED, ORDERED, ADJUDGED, AND DECREED** as follows:

1. Petitioner's Expedited Petition for Return of Wrongfully Retained Child is hereby **GRANTED**.

2. Petitioner shall forthwith return to Germany with F.U.L.

3. Respondents shall not interfere in any manner with respect to return of F.U.L. to Germany.

4. Contemporaneously with the entry of this Order on March 5, 2010, the Clerk of Court shall immediately release all passports and travel documents for the minor child to Petitioner and Respondent Lumme's passports and travel documents to her.

5. Respondents shall, jointly and severally, pay all costs associated with the services of the United States Marshal Service in this case in full directly to the United States Marshal Service upon demand and pursuant to the terms of the United States Marshal Service. A judgment is entered in favor of Petitioner against Respondents, jointly and severally, for such costs.

6. Respondents shall, jointly and severally, pay the $350.00 filing fee of the Court and the $500.00 initial deposit Petitioner made to the United States Marshal Service and shall pay, contemporaneously with the entry of this Order on March 5, 2010, the sum of $850.00 directly to Petitioner via his attorney, Irene P. King, James, McElroy & Diehl, P.A. 600 S. College Street, Charlotte, NC 28202. A judgment is hereby entered in favor of Petitioner against the Respondents, jointly and severally, for such fees and costs.

7. To the extent that potentially there are any criminal charges pending against Respondent Lumme in Germany or elsewhere, Petitioner will use his best efforts to seek dismissal of any such charges.

4

**IT IS SO ORDERED.**

This the 5th day of March, 2010

_____
Richard L. Voorhees, Judge Presiding

*WE CONSENT:*

_____
Dennis Valentin Lumme, Petitioner

_____
Julia Magdalena Lara Salomon, Respondent

_____
Irene P. King
NC State Bar No. 32780
James, McElroy & Diehl, PA
600 S. College Street
Charlotte, NC 28202
Phone: (704) 372-9870
Fax: (704) 333-5508
Email: iking@jmdlaw.com

_____
Ana Lucia Lumme, Respondent

_____ 3-4-10
Joseph Oliveri, Respondent

5

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

# ACKNOWLEDGMENT

    I, Edward S. Shapack, a Notary Public of the above-named County and State, do hereby certify that ANA L. LUMME, JULIA M.L. SALOMON and JOSEPH OLIVERI personally appeared before me, identified themselves to my satisfaction and acknowledged the voluntary execution of the foregoing Consent Order for Return of Minor Child.

    This 4th day of March, 2010.

Edward S. Shapack<br>
A Notary Public of North Carolina<br>
My commission expires 6/21/2012

STATE OF NORTH CAROLINA                          ACKNOWLEDGMENT

COUNTY OF MECKLENBURG

    I, __Amy L. Paustian__, a Notary Public for said County and State, do hereby certify that Dennis Valentin Lumme either being personally known to me or proven by satisfactory evidence (said evidence being Mr. Lumme's passport), personally appeared before me this day and acknowledged the voluntary due execution of the Premarital Agreement by him for the purposes stated therein.

    Witness my hand and Notarial stamp or seal, this 5 day of March, 2010.

_____
Notary Public

__Amy L. Paustian__
Printed name of Notary Public

[SEAL]

My Commission Expires: __08/31__, 20__11__